JAMES C. JOHNSON and WILLIAM MCCLELLAND, survivors of JAMES MILES, deceased, defendants below, plaintiffs in error *v.* THE STATE OF DELAWARE for the use of FERDINAND V. CARTER, plaintiff below, defendant in error.

The Court of Errors will not allow the record on a writ of error to be amended by the addition of an agreement to it entered into between the counsel in the case in the court below, which was not and never had been a part of the record of the case in the court below, when neither the omission of it from the record is attributable to clerical error, nor there is anything in the record to amend by as asked for.

The rule of the Court of Errors as well as of the other courts of the State, forbids the abandonment by counsel of a case without the leave and sanction of the court.

In an action by the State on a bond taken in the name of the State, as a constable's bond for instance, the party or person for whose use and benefit the suit is brought, is the real, actual and substantial plaintiff in the suit, and on his death pending the action, it cannot proceed in the name of the State merely, but abates until the death of such party is suggested and admitted on the record, or proved if denied, and his legal representative is made a party to the action by substitution for him.

WRIT of error to the Superior Court for New Castle County, before Harrington, Chancellor, and Milligan and Houston, Justices.

The case below was an action of debt in the name of the State for the use of Ferdinand V. Carter on a constable's bond *v.* James C. Johnson and William McClelland, survivors of James Miles, deceased, principal and sureties in the bond.

*Patterson*, attorney for the defendant in error, moved to dismiss the writ of error on the following statement of facts made by him. After the institution of the suit in the court below, Ferdinand V. Carter for whose use it was brought, died and suggestion of his death was entered of record in the suit, but no administrator having been appointed on his estate, there was of course, no legal representative of his made a party to it. By agreement,

however, between himself and Mr. George C. Gordon, who then was of counsel for Johnson, the constable, and principal defendant below and plaintiff in error now, and whose name still continued of record as his counsel on the record of the suit below, the case was referred under a rule of reference out of the court below, and when it was coming on to be heard before the referees, it was further understood and agreed between him and Mr. Gordon, as counsel as before mentioned, that the case should proceed to trial before the referees and that he would waive any objection arising from the fact that Carter, the plaintiff below, had died after the institution of the suit and suggestion of whose death had been entered on the record; but no administration having been granted on his estate, no legal representative of his had been made a party to the action; and in accordance with such agreement, the case proceeded to trial before the referees and was heard and determined by them.   He produced a letter from Mr. Gordon containing a written acknowledgment of the agreement and confirming the statement made by him.   Before he proceeded, however, to press his motion to dismiss the writ of error in this case, he would ask leave of this court to amend the record of the case by adding the terms of this agreement to it; for a writ of error may be amended in the court of error.   2 *Tidd Pr.* 942.   3 *T. R.* 349.   *Rev. Code* 407, *sec.* 10.

*By the Court, Harrington, Chancellor :* We cannot entertain the motion to allow the record to be amended by adding this agreement to it, because it is not and never has been, a part of the record of the case in the court below, and cannot therefore be made a part of the record here.   Neither is the omission of it from the record a clerical error; nor is there anything in the record to amend by as moved for.

*Mr. Patterson,* then moved to dismiss the writ of error on the ground that the original and only counsel in the

case for the defendants below, Mr. Gordon, had been changed without motion, or application to the court for that purpose, and contrary to the rules of court.

*But the Court* refused the motion, and the Chancellor said that the rule referred to, was a rule of this, as well as of the other courts of the State, and forbids the abandonment of a case by counsel concerned in it, without the leave and sanction of the court where it is pending. But it does not preclude the employment of other and additional counsel in the case; and particularly, where there are joint plaintiffs, or defendants in it, as in this case, and the original counsel, who is still the counsel marked on the record below, no leave of the court having been granted to strike his name from it, was retained by one of such joint parties only.

*Rodney*, for the plaintiff in error: In this case the action below was debt on a constable's bond in the name of the State for the use of Ferdinand V. Carter, but who died pending the suit, and thereby he should contend that it had abated. It was the only question involved in the case on the writ of error in this court, and all the exceptions were addressed to it alone. By the provision of the constitution on this subject, every suit abates by the death of either party, except where the cause of action survives; and even then, the suit itself only survives and is saved from abatement, by substituting the legal representative of such deceased party in his stead in the action in the modes provided in the constitution. He knew what the reply to this would be. But who was the real and actual, not the nominal, plaintiff in this action in the court below? The bond it was true, was given to the State and was taken in its name, and the State never dies; but the very law itself, by virtue of which alone they have any legal effect, validity or existence, expressly provides that all such bonds shall be taken in the name of the State, but shall be for the use and benefit of all and every

person who shall be aggrieved by the breaches of the conditions of them, and enables such persons by their own attorneys to sue thereon in the name of the State and to recover compensation, not to the State, but to themselves, for injuries sustained by reason of the breaches of the conditions thereof. The State itself has no further interest than this in the matter, and no rights of its own to vindicate and no injuries of its own to redress by reason of a breach of a condition in any such bond, and the person for whose use and benefit the action is instituted and prosecuted, is therefore, the real and actual party plaintiff in the action, and when he dies pending the suit it abates; although it may be revived and its suspended existence as an action at law may be restored by substituting his legal representative, his executor, or administrator after his appointment, as a party in his place, as before alluded to. But the real plaintiff below in this case, F. V. Carter, died pending the action below, yet notwithstanding. his death was soon after suggested on the record of it, his legal representative has not been made a party to it, and indeed, if the information was correct which he had received in regard to the matter, there was the very best of reasons why that had not been done, for he had been told that no administration had as yet been applied for, or granted on his estate. And yet there was a persistent and pertinacious effort made to keep this case alive through the court below and out of it, under the rule of reference and now in this court under a writ of error, in despite of all the forms and principles of the common law and the express provisions of the constitution which proclaim it abated, as it now exists, to the contrary notwithstanding.

*Patterson :* There was no proof of F. V. Carter's death. Although suggested on the record, it was not proved in the case, nor is it admitted, as it stands on the record. The suggestion of itself, did not import absolute verity. It was nowhere admitted, notwithstanding it had been

suggested, and without this, it could not be conclusive; because it may be admitted or denied, and if denied, it must be proved by calling witnesses to substantiate it before the court like any other disputed fact, for such a suggestion is in the nature of a plea in abatement. 2 *Ch. Pl.* 16, 20.

But even if the suggestion had been admitted, it was not the death of a legal party in the action, and the State which was all the time the legal plaintiff in the action below, could still maintain the suit after his death. On the demise of one, or more of joint parties in a suit wherein the cause of action survives, such action shall not abate, but may be prosecuted by, or against the surviving plaintiff or defendant. *Rev. Code* 375. Besides, there was another important matter to be considered, which had not yet been observed in the argument of the case, and it was this : After the death of Carter, or at least, after suggestion of such a thing had been entered of record, the case was referred under a rule of reference out of the court below, and the statute for the amendment of defects in pleadings, provides that the entry of a reference shall be a release of all previous errors in the case. *Rev. Code* 407, *sec.* 6, also 415, *sec.* 5.

*Rodney,* in reply : The attorney in this case below was the attorney, not of the State, and therefore when Carter died, his connection as his attorney with the case ceased absolutely—he was *functus officio* and he was out of court, as his client was also out of it with his case by his death. And this was a complete and conclusive answer to the last and final objection raised by the counsel on the other side, that the reference of the case out of the court below, was a release of all antecedent errors; because there was then no attorney and no party in being represented by him, to make, or consent to the reference.

*Harrington, Chancellor,* announced the opinion of the court : We do not think there can be any room for a

reasonable doubt after all we have heard in this case, that Ferdinand V. Carter for whose use this action was instituted, died whilst it was pending in the court below and before it was referred out of it.   The first application made to this court in the case by the counsel for the defendants in error based on the letter and written acknowledgments contained in it of Mr. Gordon, the original counsel of Carter in the case below, exhibited and fully substantiated by him before this court, for leave to amend the record hereby adding to it the agreement now evidenced in writing between himself and the former counsel for Carter below, that the latter would permit the case to proceed to trial before the referees, notwithstanding the death of Carter, and the suggestion of it on the record, and that no legal representative of his had been made a party in the case, and that he would waive all objections on the score of this signal irregularity in the conduct of the case, and would permit the suit to proceed to a hearing before the referees and to a final decision, determination and judgment in a court of law, just as if all these omissions and irregularities had been supplied and corrected before the case had been referred out of the court below, furnished abundant evidence of the strongest and most conclusive admissions and acknowledgment that the suggestion of his death upon the record was true, and that he was then beyond all cavil or dispute a dead man; and taking such to have been the case, as we are bound to do after the exhibit made before us in that application, it only remains for us to add that it is the opinion of the court that in an action such as this was, on a bond taken in the name of the State, the party, or person for whose use and benefit the suit is brought, is the real, actual, and substantial plaintiff in the suit, and on his death pending the action it cannot proceed or be prosecuted in the name of the State merely, for it is not instituted, nor could it be for its use and benefit, but it is for the use and benefit of the party deceased, which was the whole and sole object of the action from its inception to its con-

clusion.  The whole action therefore in such a case on the death of the party for whose use it was instituted and prosecuted up to that event, technically abates, as it is termed in law, or becomes suspended until it is put into action and progress again, when the cause of action survives the death of such party and does not expire with his life, in the modes familiarly known and recognized at common law, or prescribed in the constitution.   When, therefore, the party for whose use such an action is brought dies pending it, the suit abates and can proceed no further, until his death has been suggested and admitted on the record, or proved, if denied, and his legal representative has been made a party to the suit by substitution for him.